Lin v. Holder

BIA
A073 164 640

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of March, two thousand ten.

PRESENT:
>ROBERT A. KATZMANN,
>PETER W. HALL,
>GERARD E. LYNCH,
>>*Circuit Judges.*

_____

XIAN LIN,
>*Petitioner,*

>v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent.*

09-1355-ag
NAC

_____

FOR PETITIONER:      Nathan Weill, New York, N.Y.

FOR RESPONDENT:      Tony West, Assistant Attorney General, Greg D. Mack, Senior Litigation Counsel, Wendy Benner-Leon, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xian Lin, a native and citizen of the People's Republic of China, seeks review of the March 13, 2009 order of the BIA denying his motion to reopen. *In re Xian Lin*, No. A 073 164 640 (B.I.A. Mar. 13, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

The BIA did not abuse its discretion in denying Lin's untimely and number-barred motion to reopen. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). The regulations provide that "a party may file only one motion to reopen deportation or exclusion proceedings . . . and that motion must be filed no later than 90 days after the date on which the final administrative decision was rendered in the proceeding sought to be reopened, or on or before September 30, 1996, whichever is later." 8 C.F.R. § 1003.2(c)(2). Lin's October 2008 motion was indisputably untimely and number-barred because he filed it more than seven years after the BIA's April 2001 order of deportation, and it was the second such motion he had filed. However, the time and

numerical limitations may be equitably tolled to accommodate claims of ineffective assistance of counsel.  *See Cekic v. INS*, 435 F.3d 167, 170 (2d Cir. 2006).  Additionally, the time limitations do not apply if the alien can establish materially "changed circumstances arising in the country of nationality."  8 C.F.R. § 1003.2(c)(3)(ii).

## I.   Ineffective Assistance

The BIA did not abuse its discretion in declining to equitably toll the filing deadline for Lin's motion to reopen because, as it found, he failed to demonstrate that he was prejudiced by the actions of his prior attorney or the immigration service that assisted him in filing his visa petition.  *See Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988); *see also Romero v. INS*, 399 F.3d 109, 112 (2d Cir. 2005).

While Lin argues that he received ineffective assistance because his prior attorney did not timely file his first motion to reopen, as the BIA noted, Lin never established that his prior attorney or the immigration service was retained to do so.  *See Lozada*, 19 I. & N. Dec. at 639; *see also Romero*, 399 F.3d at 112 (noting that an alien must establish that "his counsel's performance was so ineffective as to have impinged upon the fundamental

3

fairness of the hearing in violation of the [F]ifth [A]mendment due process clause.  To show fundamental unfairness, an alien must allege facts sufficient to show . . . that he was prejudiced by his counsel's performance.").  In his affidavit, Lin failed to describe the scope of his agreement with his prior attorney and the immigration service.  *See Lozada*, 19 I. & N. Dec. at 639.  Moreover, we agree with the BIA that the record demonstrates that, even if Lin did seek their assistance in filing a motion to reopen, he did so at a time when the motion would already have been untimely.  Accordingly, the BIA did not abuse its discretion in finding that Lin failed to show the requisite prejudice.

## II.  Changed Country Conditions

In addition, the BIA did not abuse its discretion in denying Lin's motion to reopen based on his fear of sterilization on account of the birth of his two American-born children. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).  The BIA reasonably found that the evidence Lin submitted was unauthenticated and thus insufficient to demonstrate changed country conditions in China.  Contrary to Lin's argument that in *In re S-Y-G-*, 24 I. & N. Dec. 247 (BIA 2007), the BIA "makes no mention of

4

any requirement that evidence attached to a motion to reopen must be 'authenticated[,]'" the BIA stated in that decision that in order to succeed on a motion to reopen, the alien must "make an effort to demonstrate the authenticity of [the] evidence submitted[,]" *id*. at 251 n.2. Moreover, while Lin argues that the BIA erred in relying solely on the regulations to refuse to credit the documents from YingQian Village, it relied on his failure to meet his burden, which, as the BIA indicated, was "much heavier" because he "ha[d] already been found deportable." *See INS v. Abudu*, 485 U.S. 94, 110 (1988); *see also Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 148 n.6 (2d Cir. 2007) (noting that "the context of [an] immigration proceeding [and, thus, the burden placed on an applicant is] crucially different" depending on whether the applicant seeks to reopen based on changed country conditions or challenges the denial of his application for asylum). Therefore, the BIA reasonably declined to assign probative weight to the unauthenticated evidence that Lin submitted in support of his motion to reopen. *See Qin Wen Zheng*, 500 F.3d at 148 n.6; *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 270 (2d Cir. 2007) ("[N]othing is easier than to submit to an appellate court for the first time documents that, 'if authentic,' would 'appear to be official

5

statements' of the Chinese government.  If not these documents or those documents, some others would do." (internal citation omitted)).  Because Lin concedes that the more generalized evidence he submitted did not show widespread changes in the enforcement of China's family planning policy, his challenge to the BIA's denial of his motion fails.  *See Jian Hui Shao*, 546 F.3d at 169.

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk